UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

Plaintiffs,

v.

CLAYTON VALLEY CHARTER HIGH SCHOOL, et al.,

Defendants.

Case No. 25-cv-10316-LJC

**ORDER TO SHOW CAUSE WHY COMPLIANCE WITH SUBPOENA SHOULD NOT BE COMPELLED**

Re: Dkt. No. 47

Plaintiff Jane Doe previously sought an order directing the Walnut Creek Police Department (WCPD), which is not a party to the case, to produce images that WCPD obtained from Plaintiff's cell phone in connection with a criminal investigation based on Plaintiff's report of misconduct by Defendant. ECF No. 44. On July 1, 2026, the Court issued an Order denying that motion without prejudice in the following text-only docket entry:

> ORDER by Judge Lisa J. Cisneros: Plaintiff has filed a [ECF No.] 44 Motion seeking an order directing the Walnut Creek Police Department (WCPD) to release certain records in its possession. As Plaintiff acknowledges, this Motion implicates a discovery matter. It is therefore DENIED for failure to comply with section F.5 of this Court's Civil Standing Order, without prejudice to either: 1) a joint letter submitted in accordance with that section in conjunction with Defendants and WCPD; or 2) a stipulation and proposed order submitted on behalf of all parties and WCPD if all agree to issuance of the order Plaintiff seeks. Plaintiff's related [ECF No.] 45 Administrative Motion to File Under Seal is DENIED AS MOOT.
>
> The Court further notes that discovery from non-parties is generally governed by Federal Rule of Civil Procedure 45. If Plaintiff continues to seek an order directing production of documents in the absence of a subpoena served in accordance with that rule, she should provide legal authority for that approach in the parties' joint letter.

ECF No. 46.

Plaintiff served a subpoena on WCPD on July 6, 2026 for production of material related to

United States District Court
Northern District of California

the criminal investigation, including the material obtained from Plaintiff's phone. ECF No. 47 at 6–12. WCPD responded by letter dated July 13, 2026, stating that because the "police report [sic] you requested includes information referencing a juvenile[, u]nder the rules and protections governing juvenile records, the Contra Costa County Juvenile Court prohibits [WCPD] from releasing this report [sic] without prior authorization from the court." *Id.* at 14. WCPD indicated that it would comply with an order of the Juvenile Court "to provide copies of any of the requested documents for its review." *Id.*

Plaintiff's counsel "conferred with WCPD regarding the form of order required," *id.* at 3, and now filed a "Status Report" requesting an order requiring WCPD to produce the documents for this Court's in camera review, after which the Court would "release to Plaintiff's counsel those Responsive Materials it determines are discoverable," ECF No. 47-1. The documents so released would be designated as confidential under the protective order in this litigation. *Id.* Plaintiff contends that this procedure would "honor[] the confidentiality interests reflected in California Welfare and Institutions Code sections 827 and 828." ECF No. 47 at 3. There is no indication that Defendants participated in the consultations that led to the present "Status Report," nor what, if any, position they take on Plaintiff's request. *See id.* ("Plaintiff has not stipulated with Defendants concerning this discovery.").

The present "Status Report" fails to comply with the Court's previous Order or the Standing Order referenced therein as to how any disputed or undisputed request for documents from WCPD should be presented, *see* ECF No. 46,[1] or with Local Rules regarding the presentation of "[a]ny written request to the Court for an order," Civ. L.R. 7-1. Though Plaintiff implies—by indicating that Plaintiff and WCPD "conferred"—that WCPD does not object to this request, *see* ECF No. 47 at 3, that is not entirely clear from the record. Nor is it clear if Defendants take any position on this request, or if Plaintiff's filing contemplated any subsequent response by Defendants to state their position.

[1] The Court presumes that Plaintiff's counsel shared that Order with WCPD and that WCPD therefore shares responsibility for failure to comply with it, but that presumption is not relevant to the Court's decision to issue this Order to Show Cause.

United States District Court
Northern District of California

Further, Plaintiff has offered no legal authority applicable to federal civil litigation for their proposed procedure for in camera review. Federal courts afford deference to state laws protecting the privacy of minors in relation to criminal and quasi-criminal state court proceedings, but they are not bound by such laws. *See J.T. v. City & County of San Francisco*, No. 23-cv-06524-LJC, 2024 WL 3834200, at *6–8 (N.D. Cal. Aug. 14, 2024). In this case, it appears that the only minors whose privacy interests would be implicated by the documents to be produced are parties to this case, neither of whom has raised any objection to the production. There is thus no reason apparent to require either strict compliance with the Welfare and Institutions Code's procedure for seeking approval from a state juvenile court or the somewhat analogous procedure Plaintiff has proposed for review by this Court. Such review also appears unlikely to serve a useful purpose when Plaintiff has not suggested any standard by which this Court would determine in that review what material is "discoverable," particularly in the absence of any argument by any party or non-party that any such material should *not* be produced.

Finally, Plaintiff's proposed order calls for documents to be "designated CONFIDENTIAL" and "treated in accordance with the operative Protective Order in this action," ECF No. 47-1 at 2, ¶ 2, but Plaintiff cites no such Protective Order and the Court has not found any such order in the docket of this case.

Accordingly, the parties and WCPD are ORDERED TO SHOW CAUSE why WCPD should not be required simply to comply with the subpoena and produce the material requested, subject to any confidentiality protections to which the parties might agree. Any party or non-party that objects to such an order must file a response no later than July 31, 2026. Plaintiff is ORDERED to serve a copy of this Order on WCPD by means consistent with Rule 5(b) of the Federal Rules of Civil Procedure and to file proof of such service no later than July 23, 2026.

**IT IS SO ORDERED.**

Dated: July 22, 2026

LISA J. CISNEROS
United States Magistrate Judge